# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANTONIOUS WILDER,**
a/k/a **LARRY A. DAWKINS**
**D.O.C. # 187653,**

    **Plaintiff,**

vs.                                                           Case No.  4:24cv147-WS-MAF

**STATE OF FLORIDA,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, initiated this case by submitting a "motion for clarification," ECF No. 1, which the Clerk's Office used to open this case.  It was unclear whether Plaintiff intended to actually initiate this case, or just seek clarification on whether it was possible to do so since Plaintiff has "three strikes."  ECF No. 1 at 2.  An Order was entered, ECF No. 3, requiring Plaintiff to clarify his intentions and properly demonstrate "imminent danger" in a civil rights complaint.  Plaintiff was also required to file an in forma pauperis motion if he wanted to proceed.  *Id.*  When Plaintiff failed to comply, a Report and Recommendation was entered on May 6,

2024, recommending this case be dismissed for failure to prosecute. ECF No. 4.

On May 24, 2024, well after the prior April 29th deadline, Plaintiff filed a response to the prior Order. ECF No. 5. Plaintiff's response was deemed to be Plaintiff's advisement that he desired to proceed with this case and file a complaint. *Id.* at 1. In light thereof, the Report and Recommendation was vacated and Plaintiff was provided additional time in which to comply with the prior Order, ECF No. 3. ECF No. 6. Plaintiff was directed to file a proper complaint and in forma pauperis motion by **July 1, 2024**. *Id.* Plaintiff was specifically informed that if he was "unable to meet that deadline, Plaintiff must file a motion for an extension of time before the deadline." *Id.* at 2-3.

As of this date, Plaintiff has not complied with that Order. Once again, Plaintiff was warned that if he did not timely comply with that Order, it would result in entry of a recommendation to dismiss this case. *Id.* at 4. It appears from Plaintiff's failure to comply or request an extension of time that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute

or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011). Here Plaintiff was forewarned and did not respond to a Court Order. Because Plaintiff has failed to prosecute this case, dismissal of this action is appropriate.

Case No. 4:24cv147-WS-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2024.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv147-WS-MAF