# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANTONIOUS WILDER,**
a/k/a **LARRY A. DAWKINS**
**D.O.C. # 187653,**

    Plaintiff,

vs.                                         Case No.  4:24cv147-WS-MAF

**STATE OF FLORIDA,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, initiated this case by submitting a "motion for clarification," ECF No. 1, which was liberally construed as a complaint and this case was opened for Plaintiff.  Plaintiff's "motion" sought clarification on whether he could initiate this case since he is a "three striker."  ECF No. 1 at 2.  An Order was entered on March 29, 2024, ECF No. 3, confirming that Plaintiff had "three strikes," and informing him of the requirements of 28 U.S.C. § 1915(g).  Plaintiff was required to do two things if he wanted to proceed with this case: file a proper complaint which

demonstrates imminent danger and file an in forma pauperis motion. *Id.* Since that Order was entered in March 2024, Plaintiff still has not complied.

First, Plaintiff failed to meet the April 29th deadline, and a Report and Recommendation was entered. ECF No. 4. Plaintiff then filed a belated "notification" on May 24th, but because the document at least indicated Plaintiff's desire to proceed, the Report and Recommendation was vacated and Plaintiff was given until July 1st to file a complaint and in forma pauperis motion. ECF No. 6.

Again Plaintiff failed to comply with that Order and another Report and Recommendation was entered on July 10, 2024. ECF No. 7. On July 26th, Plaintiff filed a "notification of address change," ECF No. 8, which also included a request for an extension of time. In light thereof, the second Report and Recommendation was vacated and Plaintiff was given until August 30, 2024, to file a proper complaint and an in forma pauperis motion. ECF No. 9.

Now, Plaintiff has filed a "declaration of imminent danger." ECF No. 10. Plaintiff has not filed a complaint, nor has he filed an in forma pauperis motion. Review of Plaintiff's declaration, ECF No. 10, has prompted issuance of this third Report and Recommendation.

Plaintiff first states that the declaration has been filed by Larry Dawkins, a "natural person and sui juris, . . . for Antonious Wilder," a "dummy corporation." ECF No. 10 at 1. Although Plaintiff may also be known as Larry Dawkins, the legal name by which he is incarcerated in the Florida Department of Corrections is Antonious Wilder. Plaintiff attached an informal grievance to his declaration which also demonstrates his legally correct name is Antonious Wilder, and his ID # is 187653. Wilder is not a "dummy corporation" and Plaintiff must use his proper legal name in this litigation.

Second, Plaintiff's "declaration" is insufficient to demonstrate imminent danger. Plaintiff says that he was "under imminent danger at the time of the filing of his complaint," ECF No. 10 at 2, but Plaintiff does not provide any facts which reveal ongoing danger. Instead, Plaintiff makes a conclusory allegation that he received "threats of physical and mental abuse" from Major Frost at Martin Correctional Institution. Plaintiff does not provide a clear statement of facts which reveal what was said to him by Major Frost, nor does he show that it is an ongoing or continuing issue.

Further, Plaintiff complains about an incident with another inmate, and says that prison officials gave the inmate a box cutter to assault

Plaintiff, but then falsified documents to indicate that Plaintiff attacked the other inmate. *Id.* at 2-3. The incident allegedly occurred on June 22, 2024, but Plaintiff does not provide facts which reveal that he faces an ongoing danger of imminent harm. *See also id.* at 8. Notably, the June incident occurred after case initiation; Plaintiff initiated this case on March 24, 2024. ECF No. 1. At the time of case initiation, Plaintiff was housed at Martin Correctional Institution in Indiantown, Florida. *Id.* at 1. Plaintiff is currently housed at Dade Correctional Institution in Florida City, Florida. *Id.* at 10. Thus, Plaintiff's assertion concerns past incidents and past threats which are insufficient to meet the "imminent danger" requirement of § 1915(g). O'Connor v. Suwannee Corr. Inst., 649 F. App'x 802, 804-805 (11th Cir. 2016) (affirming dismissal of complaint under § 1915(g), noting the prisoner's allegations of harm concerned events which occurred months earlier at Suwannee Correctional Institution and Plaintiff was located at Union Correctional Institution). Plaintiff has not alleged any continuing threats, or a pattern of misconduct that has continued. A conclusory assertion of such a "pattern" is not sufficient if unaccompanied by allegations which support finding that a pattern exists. ECF No. 10 at 2. Plaintiff does not provide those allegations.

Instead, it would appear from the attachments Plaintiff provided with his declaration that Plaintiff filed this case because he was upset over the loss of headphones and a tablet. ECF No. 10. On March 25, 2024, Major Frost ordered Plaintiff to surrender his headphones and tablet as he exited the chow hall. *Id.* at 4. Plaintiff complied, and then filed an informal grievance eight days later because his property had not been returned to him and he had not received a property slip for the items taken. *Id.* The response to Plaintiff's informal grievance advised Plaintiff that his property was confiscated because the tablet and headphones were not supposed to be outside the dormitory, but he would be provided a property receipt. *Id.* Furthermore, the response to his formal grievance on April 25, 2024, clarified that all of his personal property was returned to him when he was transferred on July 16, 2024. *Id.* at 5. The remaining attachments also reveal that Plaintiff complained to prison officials about the denial or loss of property. *Id.* at 6-7. Plaintiff did not complain of an assault, of threats, or even about falsified documents. There are no facts alleged in the declaration or in the attachments which indicate that Plaintiff faces imminent danger.

In light of Plaintiff's non-compliance with three Orders which directed him to file a proper complaint and in forma pauperis motion, ECF Nos. 3, 6, and 9, it is recommended that this case be dismissed. Plaintiff has had since April 2024 to comply with those Orders and to demonstrate that he faces imminent danger. If a prisoner was truly concerned about an ongoing threat to his safety, he would have complied with those Orders over the past four months.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with Court Orders, failure to file a complaint, and for failure to demonstrate imminent danger such that this case could proceed without payment of the filing fee at the time of case initiation. It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on September 5, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**